# Frank Helme *v.* Borough of Kingston, Appellant.

*Road law—Taking land for street—Damages.*

In a proceeding against a borough for damages to land caused by the opening of a street, a verdict and judgment for the plaintiff for $4,562.50 will not be set aside as excessive, and as against the weight of the evidence, where thirteen witnesses for the plaintiff testify that the plaintiff was damaged by the location of the street over his land anywhere from $3,500 to $7,000, and fourteen witnesses testify that he was benefited from $6,000 to $90,000, the land being an eighteen-acre lot.

Argued April 11, 1899. Appeal, No. 317, Jan. T., 1898, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1892,

No. 397, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of jury of view. Before LYNCH, J.

At the trial it appeared that the borough opened Reynolds street over the plaintiff's land. The land in question was an eighteen-acre lot, used as farm land. Thirteen witnesses for the plaintiff testified that the plaintiff had been damaged to the extent of from $3,500 to $7,000. Fourteen witnesses for the defendant testified that he had been benefited from $6,000 to $90,000.

Verdict and judgment for plaintiff for $4,562.50. Defendant appealed.

*Errors assigned* were (1) in discharging a rule for a new trial; (2) the verdict was based entirely upon incompetent and irrelevant testimony (not quoting the bill of exceptions); (3) the verdict of the jury was against the weight of the evidence; (4) the verdict was excessive.

*B. W. Davis*, for appellant, cited De Grote v. De Grote, 175 Pa. 50; Smith v. Times Publishing Co., 178 Pa. 481; Cummings v. City of Williamsport, 84 Pa. 472; Allegheny v. Black, 11 W. N. C. 536; Bickley v. Chester, 1 Del. Co. Rep. 145.

*George R. McLean* and *William S. McLean*, for appellee.

PER CURIAM, April 24, 1899:

In the court below, this was an appeal by plaintiff from the decree of the court of quarter sessions confirming the report of viewers appointed to assess damages, etc., done by laying out and opening Reynolds street in the defendant borough.

The only question presented by the evidence was one of fact exclusively for the jury, viz: What if any damages did the plaintiff sustain by reason of said laying out and opening? That question was fairly submitted to the jury, who found for the plaintiff and assessed his damages at $4,562.50.

It is conceded that the judgment entered on the verdict should not be disturbed unless there is error in one or more of the learned trial judge's instructions or rulings. No such error

is disclosed by the record; nor is there anything in any of the four specifications that requires discussion. They are all over-ruled, and the judgment of the court below is affirmed.